IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUAN P. RUBIO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:21cv00555 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| W.R. HENSLEY, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |           United States District Judge |
| Defendants. | ) | |

Juan P. Rubio, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that he was denied due process at a disciplinary hearing. Two of the defendants, Captain Burgin and Warden Davis, filed a motion to dismiss, arguing that Rubio has not alleged facts that state a claim against either of them.[1] Having reviewed the pleadings, the court agrees and will grant their motion.

**I.**

On January 28, 2021, while an inmate at Wallens Ridge State Prison, Rubio was charged with a disciplinary infraction for aggravated assault upon an offender. According to the disciplinary offense report attached to Rubio's complaint, the reporting officers entered Rubio's pod and observed inmates "in an altercation." (ECF No. 1-1, at 1.) The reporting officer stated that Rubio was one of the inmates "involved in what appeared to be four offenders attacking and striking" another inmate. (*Id.*) The reporting officers observed Rubio "striking [the other inmate] with what appeared to be a sharpened instrument in a closed fist."

---

[1] The third defendant, Institutional Hearing Officer Hensley, filed an answer. (ECF No. 13.)

(*Id.*) On January 28, 2021, Rubio was notified of the charge and advised of his disciplinary hearing rights.

Prison officials held a disciplinary hearing on February 4, 2021. According to the disciplinary offense report, Rubio "refused" to appear at the hearing. (*Id.* at 3.) Rubio's refusal to attend was consequently "deemed as an admission of guilt." (*Id.*) Based on Rubio's admission of guilt and the reporting officer's statement, Institutional Hearing Officer ("IHO") Hensley found Rubio guilty of aggravated assault on an offender. As a penalty, IHO Hensley imposed restitution. The amount of restitution was not determined at the February 4 hearing.

In his response to the defendants' motion to dismiss, Rubio states that on March 11, 2021, DHO Hensley "resumed" the disciplinary hearing to determine the amount of restitution. (ECF No. 17, at 2.) According to Rubio, the victim's medical bills totaled $9,653.02, and DHO Hensley "divided the total between the four attackers," resulting in Rubio owed a $2,390 share of the victim's medical bills. (*Id.*) Capt. Burgin reviewed and approved the conviction and penalty on March 12, 2021.[2] (ECF No. 1-1 at 3.) Thereafter, on March 15, 2021, IHO Franks prepared a Notice of Restitution, indicating that the restitution owed was calculated at $2,390 for a "medical bill." (*Id.* at 4.)

In his complaint, Rubio argues that he was denied due process at his disciplinary hearing because "[n]o evidence was presented . . . to prove what, if any injuries the alleged victim sustained, or who provided any treatment for the alleged injuries (if any)." (ECF No. 1, at 3.) In response to the defendants' motion, Rubio argues that he should not be responsible

---

[2] With his complaint, Rubio submitted several pages of what appear to be medical charges of the victim inmate totaling $9,653.02. (ECF No. 1-1, at 5−9.)

for the victim's medical bills because his medical care was covered by the Virginia Department of Corrections and Medicare. Rubio notes that he "does NOT challenge the guilty findings in this action. The only challenge is to the restitution penalty." (ECF No. 1, at 4.)

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, the court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor. *Id.*; *see Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*,

550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "liberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. Feb. 8, 2021) (quoting *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### III.

Rubio alleges that DHO Hensley denied him due process at his disciplinary hearing by imposing the penalty of restitution with "no evidence" to prove the victim's injuries or treatment. Rubio also names Capt. Burgin and Warden Davis as defendants, but he does not allege any facts against them in his complaint. In the attachments to his complaint, however, it appears Capt. Burgin signed the disciplinary offense report indicating that he reviewed and approved Rubio's disciplinary conviction and penalty. Warden Davis's name does not appear in the attachments. Capt. Burgin and Warden Davis have moved to dismiss Rubio's complaint against them. Having reviewed the record, the court will grant the defendants' motion to dismiss.

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). For purposes of this opinion, the court will assume that the disciplinary proceedings at issue subjected Rubio to the loss of a protected interest, and that he was therefore constitutionally entitled to due process.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). To provide constitutionally sufficient procedural due process, a disciplinary proceeding must provide the following: (1) advance written notice of a claimed violation at least 24 hours before any disciplinary hearing; (2) the ability of the prisoner to call witnesses and present documentary evidence at the disciplinary hearing; and (3) a written statement of the evidence relied upon by the factfinder and the reasons for the disciplinary action taken. *See Dilworth v. Adams*, 841 F.3d 246, 253 (4th Cir. 2016) (citing *Wolff*, 418 U.S. at 563-66). To provide constitutionally sufficient substantive due process, a disciplinary offense finding must be "supported by some evidence in the record." *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). The "some evidence" standard is a lenient one, requiring no more than a "modicum of evidence," and it is met if there is any evidence in the record that could support the DHO's decision. *Id.* at 455−56. This standard does not require an examination of the entire record or a reweighing of the credibility of witnesses and other evidence. *Id.*; *see also Baker v. Lyles*, 904 F.2d 925, 932 (4th Cir. 1990).

In this case, the record reflects that Rubio received the required procedural due process. He received notice of the charges against him several days before his hearing; he was given the opportunity to call witnesses and present documentary evidence; and he was provided a written summary of the evidence relied on by the DHO and the reasons for the disciplinary action taken. Rubio does not allege anything to the contrary.

Further, in light of the reporting officer's undisputed testimony concerning the attack, the medical bills attached to Rubio's complaint, and Rubio's own explanation of how the restitution was calculated at a "resumed" disciplinary hearing on March 11, the court concludes that there was at least "some evidence" to support the DHO's decision and calculation of restitution. (ECF No. 17, at 2.) Rubio's blanket assertion that he should not have to pay restitution because the Commonwealth of Virginia initially paid the victim's medical bills does not give rise to a cognizable due process claim. Based on the forgoing, the court cannot find that Capt. Burgin denied Rubio due process by approving his disciplinary conviction and penalty. Moreover, because he alleges no facts against Warden Davis, the court also cannot find that Warden Davis denied him due process. The court therefore concludes that Rubio's complaint fails to state a plausible due process claim against either Capt. Burgin or Warden Davis.

To the extent Rubio is attempting to raise an equal protection claim (*see* ECF No. 17, at 3.), it fails. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Under the Equal Protection Clause, "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). "To succeed on an equal

protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). A plaintiff also must set forth "specific, non-conclusory factual allegations that establish improper motive." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)).

Rubio has not alleged that he was treated differently from any other person or that any differential treatment was the result of intentional or purposeful discrimination. Accordingly, his allegations fail to state a plausible equal protection claim.

## IV.

For the reasons stated, the court will grant the defendants' motion to dismiss. Accordingly, only Rubio's claim against IHO Hensley remains.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 2nd day of May, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE